Xu v. Garland
BIA
Wright, IJ
A205 812 348

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

PRESENT:
　　　　DEBRA ANN LIVINGSTON,
　　　　　　*Chief Judge,*
　　　　GUIDO CALABRESI,
　　　　WILLIAM J. NARDINI,
　　　　　　*Circuit Judges.*

_____

HAI LIANG XU,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　19-3021
　　　　　　　　　　　　　　　　　　　　NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Theodore N. Cox, New York, NY.

FOR RESPONDENT:　　　　Ethan P. Davis, Acting Assistant Attorney General; Anthony P.

Nicastro, Assistant Director; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Liang Xu, a native and citizen of the People's Republic of China, seeks review of a September 9, 2019, decision of the BIA affirming a February 2, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Liang Xu,* No. A 205 812 348 (B.I.A. Sept. 9, 2019), *aff'g* No. A 205 812 348 (Immig. Ct. N.Y. City Feb. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings

2

for substantial evidence and questions of law de novo).

The agency reasonably concluded that Xu failed to establish an objectively reasonable fear of future persecution. Xu alleged a fear of persecution because he began practicing Christianity while in the United States. Accordingly, he had the burden to establish a "well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1). An applicant's "fear may be well-founded even if there is only a slight, though discernible, chance of persecution" *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), but "[i]n the absence of solid support in the record . . . [an applicant's] fear is speculative at best," *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Moreover, "in order to establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 137 (2d Cir. 2008).

Xu did not allege that authorities in China are aware that he is a practicing Christian, and the agency reasonably

3

concluded that he failed to show a "reasonable possibility" that they would become aware. *Id.* at 143. Xu testified that Chinese authorities would learn of his activities because he would spread the gospel to strangers in China; but he admitted that in the five years he had been practicing Christianity in the United States, he spread the gospel to only six or seven friends and family members. Accordingly, his belief that he might be inspired "to spread the Gospel to strangers," was not solid support for his claim. *See Jian Xing Huang*, 421 F.3d at 129. Xu also asserted that he would attend an underground church in China, but he could not identify what church, and the fact that he would attend did not show that the government would be aware of his attendance.

Contrary to Xu's argument, the IJ sufficiently considered the letters from the pastor of his Church in Queens and a Chinese national who was arrested, beaten and detained for attending a church, and the record supports the IJ's characterization of the evidence. The pastor recounts that he had a conversation with "an underground church leader in China" who was "arrested 16 times and sentenced six times" and stated that "religious policies have been tightened in

4

China recently." While the letters indicate that some Christians are persecuted in China, the IJ reasonably found that the letters do not demonstrate that the authorities will become aware of Xu's practice. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 161 (2d Cir. 2008) (finding no well-founded fear of persecution where the evidence showed that forced sterilization happened "sometimes" but the petitioner "offered no evidence indicating that 'sometimes' arose with sufficient frequency").

Xu also argues that the IJ failed to consider an expert affidavit, but the record reflects that the IJ considered the affidavit. Notably, Xu submitted the affidavit after his merits hearing and only two days before the hearing at which the IJ issued her decision. Nevertheless, the IJ acknowledged the affidavit on the record and stated that it had "been incorporated into the decision." Moreover, the expert's conclusion that Xu was likely to be persecuted because there was continuing and intensifying hostility towards organized religion in China, did not explain how the Chinese government would become aware of Xu's Christian activities in the first place.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court